WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dylan Cain, et al., | No. CV-25-03270-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Barrett-Jackson Holdings LLC, | |
| Defendant. | |

The Court has reviewed Defendant Barrett-Jackson Holdings, LLC's Notice of Removal (Doc. 1) and subsequent Disclosure Statement (Doc. 10). The Notice of Removal asserts diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Doc. 1 at 2 ¶ 1.)

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The removing party bears the burden of properly alleging the facts necessary to establish jurisdiction under CAFA. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010).

Under CAFA, federal jurisdiction exists where there is minimal diversity, an aggregate amount in controversy exceeding $5,000,000, and at least 100 putative class members. § 1332(d)(2), (d)(5)(B). Minimal diversity is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" *Id.* § 1332(d)(2)(A). Even where the CAFA requirements are met, jurisdiction may be defeated if a CAFA exception applies. *See id.* § 1332(d)(3)-(4). To evaluate both minimal diversity and

potential exceptions, the Court must know the citizenship of each defendant. *See Rosenwald v. Kimberly-Clark Corp.*, No. 24-299, 2025 WL 2715322, at *3 (9th Cir. Sept. 24, 2025).

For a limited liability company ("LLC"), citizenship is determined by the citizenship of its members, not by its state of organization or principal place of business. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). LLC ownership must also be traced through each layer "until reaching a natural person or a corporation." *City of E. St. Louis, Ill. v. Netflix, Inc.*, 83 F.4th 1066, 1070 (7th Cir. 2023).

Here, Defendant's Notice of Removal is deficient because it alleges only that Defendant is "a Delaware limited liability company with a principal place of business in Arizona." (Doc. 1 at 9 ¶ 32.) That allegation is insufficient because an LLC's citizenship is determined by the citizenship of its members, not by its state of organization or principal place of business. *Johnson*, 437 F.3d at 899.

The subsequently filed Disclosure Statement (Doc. 10) does not cure the deficiency. Federal Rule of Civil Procedure ("Rule") 7.1(a)(2) provides that "[i]n an action in which jurisdiction is based on diversity under § 1332(a)," a party must file a disclosure statement naming—and identifying the citizenship of—every individual or entity whose citizenship is attributed to that party. Although Rule 7.1(a)(2) refers to § 1332(a), the Court finds that, as to Defendant, the same disclosure obligation appropriately applies in cases invoking jurisdiction under § 1332(d). Here, the Disclosure Statement lists several parent companies but does not identify the members of Barrett-Jackson Holdings, LLC or the citizenship of those members. Without this information, the Court cannot determine whether minimal diversity exists or whether a CAFA exception may apply.

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS THEREFORE ORDERED** that, on or before **October 6, 2025**, Defendant Barrett-Jackson Holdings, LLC must file a supplemental jurisdictional statement that (1) identifies each member of Barrett-Jackson Holdings, LLC as of the date of removal, and (2) sets forth the citizenship of each member. Failure to comply may result in remand of this action for lack of subject-matter jurisdiction under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that on or before **October 6, 2025**, Defendant must file a disclosure statement that fully complies with Rule 7.1 and LRCiv 7.1.1.

Dated this 26th day of September, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge